ALAN A. GREENBERG (SBN 150827)
Email: greenbergal@gtlaw.com
ROGER L. SCOTT (SBN 247165)
Email: scottro@gtlaw.com
GREENBERG TRAURIG, LLP
3161 Michelson Drive, Suite 1000
Irvine, California 92612
Telephone: 949-732-6500
Fax: 949-732-6501

Attorneys for Plaintiff
PAXTONLANE INVESTMENTS INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| PAXTONLANE INVESTMENTS INC., an international business company formed under the laws of Anguilla, British West Indies,<br><br>Plaintiff,<br><br>v.<br><br>ENCORE AEROSPACE, LLC, a California Limited Liability Corporation,<br><br>Defendant. | CASE NO. SACV 12-01088 DOC (MLGx)<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER |

The parties to this Action, Plaintiff Paxtonlane Investments Inc. ("Paxtonlane") and Defendant EnCore Interiors Holdings, Inc., f/k/a EnCore Aerospace, LLC ("EnCore"), have propounded, or stated that they intend to propound, discovery seeking documents and/or information that may contain confidential business information such as product sales, revenue and profits, forecasts, costs of production, and labor business and license agreements, product design, research and development, and other trade secret, proprietary, or private financial information.  Public dissemination of such information and documents may irreparably harm the disclosing party by making available to competitors and potential clients the disclosing party's internal financial information and practices used to develop, market and sell products and, as a consequence, impairing the disclosing parties ability to compete in the market and negotiate with customers. Such information and documents are therefore subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure, and Paxtonlane and EnCore agree that good cause exists to protect the confidential and proprietary nature of such information, which may be contained in discovery responses, including but not limited to, documents, interrogatory responses, responses to requests for admissions, responses to subpoenas duces tecum, and deposition testimony in this Action, such that entry of this Stipulated Protective Order ("Protective Order") is warranted to protect against disclosure of such documents and information.

## PROTECTIVE ORDER

Based upon this Stipulation of Paxtonlane and EnCore, and good cause having been shown to the satisfaction of this Court, it is hereby ordered that the following procedures shall govern the production of all documents, testimony, discovery responses, and other information in the above-captioned action (the "Action"), including information produced by Paxtonlane and EnCore, any parties later joined in this Action, and all non-parties subject to discovery herein:

///

///

1. <u>Designation of Confidential Information</u>. This Protective Order applies to all discovery in this action, including without limitation all information, documents and things subject to discovery in this action.  Any such items may be designated as "Confidential Information" as provided herein.  Documents and other written information may be designated as "Confidential Information" by placing a stamp or notice stating "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." The designation shall be placed on the first page of each document which is bound, stapled or otherwise affixed by a permanent or semi-permanent means of attachment, and on each page of any document not so affixed.  If information or documents are produced in native electronic format, such information or documents may be designated as "Confidential Information" by placing a stamp or notice on the storage medium, in which case any party who generates any hard copies of documents from such storage medium is required to affix a "CONFIDENTIAL" designation on such hard-copy documents.  With respect to all original hard-copy documents that are made available for inspection and copying, documents designated as Confidential Information shall be segregated and identified verbally as such, in which case such designated documents shall be stamped "CONFIDENTIAL" by an independent copy service selected by the inspecting party prior to delivery to any party.

2. <u>Confidential Information At Depositions</u>.  Information disclosed at a deposition (including without limitation, questions, answers, and exhibits) may be designated as "Confidential Information" by a statement on the record, or in writing within thirty days after completion of the original transcript of the deposition, that certain confidential information (which shall be identified with reasonable specificity given the nature of the information) is "Confidential Information" and subject to this Protective Order.  Any video or audio recording, and any electronic copy of a deposition, will be deemed confidential to the same extent as the related deposition transcript.

///
///

3. <u>Non-Disclosure and Non-Use</u>. Except with the prior written consent of the party or other person originally designating an item as "Confidential Information," or as hereinafter provided under this Order, no designated "Confidential Information" and no information derived therefrom, may be disclosed to any person. Persons obtaining access to "Confidential Information" (or information derived therefrom) under this Order shall use such items solely for the purposes of litigating this lawsuit and the related case in Orange County Superior Court, Case No. 30-2012-00581909-CU-BC-CJC, including any appeals of such lawsuits, and shall not use such documents or information for any other purpose, including business, governmental, commercial, non-commercial, personal, or administrative or judicial proceedings.

4. <u>Permissible Disclosures</u>. Designated "Confidential Information," and information derived therefrom, may be disclosed to:

(a) parties to this action and those officers, directors, and employees of such parties, and those employees and agents of their insurers, to whom disclosure is reasonably necessary to prosecute and/or defend this lawsuit and the related Superior Court lawsuit, and only to the extent of such necessity (such that if it is reasonably necessary to disclose only certain categories of Confidential Information to any individual, no other Confidential Information shall be disclosed to such individual);

(b) counsel of record for the parties in this action, and to the extent reasonably necessary to render professional services in the litigation, the members of such counsel's law firm, associates, secretaries, paralegals, assistants, and employees of such counsel, in each case to the extent such persons are directly involved in assisting with the litigation;

(c) the Court, Court officials, Court employees, special masters and referees appointed by the Court, mediators acting with consent of all parties, court reporters, deposition officers and videographers, professional photocopiers and e-discovery vendors, provided that the party disclosing the Confidential Information does so with suitable precautions calculated to maintain confidentiality; and

///

   (d) actual or potential witnesses, consultants, investigators, and experts, in each case to the extent disclosure to such person is reasonably necessary (and only to such extent), provided that the conditions detailed in paragraph 5 have been met.

  5. <u>Agreement to be Bound</u>.  Before "Confidential Information" may be disclosed to any person under subparts (a) or (d) of paragraph 4, he or she shall read this Protective Order and execute a copy of the Certification attached as Exhibit A, agreeing to be bound by the terms of the Protective Order.  The party disclosing "Confidential Information" shall be responsible for retaining the Certification.

  6. <u>Depositions</u>.  Nothing in this Protective Order shall prohibit the use of, or reference to, any "Confidential Information" in any deposition; provided, however, that if the witness has not previously executed, or does not at that time execute, a copy of the Certification attached as Exhibit A, the party using such information shall, before revealing the Confidential Information to the witness, provide a copy of this Protective Order directly to the witness and inform the witness on the record that he or she is bound by this Protective Order and that failure to comply herewith may be punishable as a contempt of court.  Upon such delivery and explanation, the witness shall be bound by the terms of the Protective Order.

  7. <u>Declassification</u>.  A party (or aggrieved entity permitted to intervene for such purpose) may apply to this Court for a ruling that an item (or category of items) designated as confidential is not entitled to such status and protection.  The party or other person that designated the item as confidential shall be given regular notice of the application and at least seven (7) court days to respond.  To maintain confidential status, the proponent of confidentiality has the burden of showing good cause for the item to be classified as confidential under this Order.  Because of the unique circumstances of this litigation, it shall not be a ground for declassification that all parties to the litigation have access to the information independent of discovery (for example, in connection with transactions between the parties), so long as such information is not generally available to the public.  Before applying for declassification, the parties to any such issue shall make

a good faith effort to resolve such issue on an informal basis.

8. <u>Filing and Use in Court of Designated Confidential Documents</u>. If Confidential Material is included in any papers filed in Court, such papers shall be accompanied by an application, pursuant to Local Rule 79-5.1, to file the Confidential Material under seal. The parties and counsel may not paraphrase or quote from Confidential Information in any pleading, motion, brief or other papers filed or lodge with the Court unless such party complies with this paragraph 8.

9. <u>Protection From Disclosure</u>. Anyone in possession of designated "Confidential Information" shall take reasonable measures to bar access to the documents by anyone not allowed access pursuant to the terms of this Order. If anyone in possession of designated "Confidential Information" receives a subpoena, discovery request, request for information received from any government agency or self-regulatory organization, or other legal process (collectively "process") seeking any designated "Confidential Information" or information derived therefrom, the person or entity receiving the process shall promptly notify and forward a copy of the process to the party that made the designation with regard to such documents so that the designating party may seek to prevent the disclosure. The person or entity receiving the process shall formally object to the production, but is not be required to litigate the objection or seek the protection from a court, except that if the process purports to require the party to produce designated "Confidential Information" or information derived therefrom within ten (10) days from the date notice is given to the designating party, the person or entity to whom the process was directed shall seek a reasonable extension of time to afford the designating party an opportunity to serve objections to the process or seek protection.

10. <u>Non-Termination</u>. The provisions of this Order shall not terminate at the conclusion of this action and the obligation to comply with this Order shall continue indefinitely thereafter. Upon final determination or settlement of this action, each party and all recipients of Confidential Information shall, upon written request, return or destroy all materials produced and designated as "Confidential Information" to the

producing party. Counsel, on behalf of counsel's law firm and staff, and each representative and/or employee of each party shall, upon written request, certify the return or destruction of all such "Confidential Information," in whatever form stored or reproduced, including all working copies, abstracts, and digests thereof. This provision shall not apply to briefs filed or depositions taken in the course of this action. Nothing contained in this provision shall require that anyone destroy attorney work product or attorney-client communications, or turn over such materials to any other party or counsel, provided that the confidentiality of such material must be maintained continuously thereafter.

11. <u>Subsequent Designation</u>. Information or documents inadvertently disclosed without being designated as confidential may be subsequently designated as confidential by the producing non-party or by any party hereto, by providing all other parties with written notice of that designation and a replacement copy, marked in accordance with this Order.

12. <u>Non-Waiver</u>. Nothing in this Protective Order shall affect any right of the designating party to disclose its own "Confidential Information" to any person or entity, and such disclosure shall not waive any protections of this Protective Order.

13. <u>Non-Party Designation</u>. The terms of this Protective Order are applicable to "Confidential Information" provided by and designated by a non-party in connection with this litigation, and such "Confidential Information" shall be protected by the remedies and relief provided herein.

14. <u>No Prejudice</u>. Nothing in this Order shall prevent any party or other person from seeking modification of this Order for good cause, from objecting to discovery that it believes to be otherwise improper, or from redacting non-discoverable information from documents. A non-designating party's failure to challenge a designation of an item as "Confidential Information" by any other party or non-party shall not be deemed an admission or concession that the document or information is confidential.

///

15. <u>Inadvertent Disclosure</u>.  The inadvertent or unintentional production of privileged or "Confidential Information" (including, but not limited to, metadata associated with any document produced) shall not be deemed a waiver in whole or in part of a party's claim of privilege or confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or a related subject matter.

Date:   November 1, 2012

_____
MARC L. GOLDMAN
United States Magistrate Judge

**EXHIBIT "A"**

*Acknowledgment of Protective Order*

I certify that I have received a copy of, read and understood (with assistance from my own independent counsel if I desired), and I understand that I am bound by, the Protective Order re: Confidentiality in the case of *Paxtonlane Investments, Inc. v. Encore Aerospace, LLC,* United States District Court, Central District of California, Case No. SACV 12-01088 DOC (MLGx).

Dated:

_____